UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ASHLEY STEWART : | |
| : | |
| VS. : | CIVIL ACTION NO. 12-594-BAJ-RLB |
| : | |
| SHERIFF SID J. GAUTREAUX, III, et al : | |

### ORDER

This matter is before the court on a referral from the District Court of Plaintiff's Motion to Compel and for Additional Time to Amend (rec. doc. 16). The motion is opposed (rec. doc. 18). For the reasons set forth below, Plaintiff's Motion is **DENIED.**

**I.   Background**

Stewart filed this lawsuit against Defendants pursuant to 42 U.S.C. § 1983 ("Section 1983") (rec. doc. 1-1 ¶¶ 34-35). According to her complaint, on January 23, 2012, approximately two months after she was arrested and incarcerated, a state court judge determined that Stewart was being held under the wrong Bill of Information (rec. doc. 1-1 ¶¶ 6, 8). On January 26, 2012, the judge dismissed the charges against her (rec. doc. 1-1 ¶ 10). However, after the court hearing, Stewart was returned to East Baton Rouge Parish Prison, where she remained incarcerated for an additional month, or until February 24, 2012 (rec. doc. 1-1 ¶¶ 11, 19). Stewart alleges that, despite completing the necessary paperwork and making multiple inquiries regarding her continuing incarceration, Defendants refused to release her and failed to respond to her inquiries (rec. doc. 1-1 ¶¶ 12-15). According to Stewart's complaint, "a person not employed with by [sic] Sheriff" eventually obtained a copy of the state court docket sheet and minute entry and presented them "to Captain Scott or those over whom he has supervision." (rec. doc. 1-1 ¶¶ 17-18). As a result, she was released from prison (rec. doc. 1-1 ¶ 19).

On October 8, 2012, Defendants filed a Motion to Dismiss for Failure to State a Claim (rec. doc. 2). On May 21, 2013, the District Court issued a ruling whereby the Motion to Dismiss was granted in part and denied in part (rec. doc. 15). Specifically, Plaintiff's individual capacity claims against Defendants were dismissed.

The request to dismiss Plaintiff's official capacity claims was denied (rec. doc. 15). The District Court, however, noted that the Plaintiff has "failed to identify a policy or custom" which inflicted injury or damage upon the Plaintiff (rec. doc. 15 at 16-17). The Court ordered that "Plaintiff shall be granted leave to conduct limited discovery to determine whether the East Baton Rouge Parish has a policy or custom related to the timely release of prisoners, and/or whether there is a pattern of similar constitutional deprivations at the East Baton Rouge Parish Prison" and that such discovery must be completed by June 21, 2013. The deadline to file a motion for leave to amend the complaint, or add new parties, claims, counterclaims, or cross-claims was extended to July 12, 2013 (rec. doc. 15 at 18).

**II.**     **Discussion**

On June 20, 2013, the day before the time to conduct limited discovery expired, the Plaintiff filed the instant Motion. The Motion requests an order compelling certain discovery responses and also seeks extensions of certain pleading and discovery deadlines.

    A.    Motion to Compel

Plaintiff seeks an order from the Court compelling the Defendants to respond to certain discovery requests that had been served in February. In both the Motion and the Memorandum in Support, Plaintiff misrepresents the extent of the discovery permitted. In addition to the scope set forth above, Plaintiff alleges that the District Court's ruling requires the Defendants to respond to any discovery regarding or relating to "the name of the individual who was personally

responsible for the false imprisonment." (rec. doc. 16 at 3 and rec. doc. 16-1 at 2-3).  This is not contained in the Court's May 21, 2013 Order.

In addition to seeking an order compelling Defendants' responses, Plaintiff requests an additional three months of discovery and additional time to amend the complaint.

Following the Court's Order regarding the limited scope of discovery that Plaintiff was granted leave "to conduct," Plaintiff has not indicated that she took any steps to obtain any additional information or propound any new discovery requests within the parameters of the District Court's Order.

Instead, Plaintiff asserts that the Defendants should have responded to certain of the previously served discovery requests, presumably because some of the requested information could fall within the limited discovery permitted.  Plaintiff did not identify or propose to the Defendants which of those requests would qualify and likewise has not represented to the Court that there was any attempt to confer in an attempt to resolve this issue prior to filing the Motion to Compel.

Plaintiff seems to acknowledge that large portions of the previous discovery requests are not within the scope of the Court's Order.  For example, Plaintiff only seeks the Court to compel responses to 7 interrogatories (out of 9 total) and 7 requests for production (out of 24 total) (rec. docs. 16 at 3-6 and 16-2 at 4-14).  Even these limited requests, however, go well beyond the scope of the discovery permitted.

The Court has reviewed each of the Interrogatories that are the subject of the Motion to Compel.[1]  The Court has also reviewed each of the Requests for Production of Documents that are the subject of the Motion to Compel.[2]  The Court finds that only Interrogatory Number 3

---

[1] These are Interrogatories Nos. 3, 4, 5, 6, 7, 8 and 9.
[2] These are Requests for Production Nos. 1, 4, 5, 8, 9, 10 and 11.

sufficiently sets forth a request for responsive information that falls within the scope of permitted discovery.[3]

The determination that one of the previously served Interrogatories falls within the parameters of the District Court's Order, however, is not the end of the inquiry.  It is far from clear that Plaintiff's previous requests, without some limitation or revision in compliance with the limitations imposed, would justify an Order compelling the Defendants to respond.  Plaintiff was not, of course, <u>required</u> to conduct any additional discovery.  Indeed, by waiting until the end of the permitted timeframe, Plaintiff has decided not to conduct any additional discovery (within the scope of the Court's Order) other than those items set forth in the Motion to Compel.

The Defendants have eliminated the need for the Court to determine whether it would be proper to compel them to respond to Interrogatory No. 3, as they have provided a response to the Plaintiff (rec. doc. 19).  The Court will not compel responses to any other discovery requests set forth in the Plaintiff's Motion.

When a Motion to Compel is denied, Rule 37 of the Federal Rules of Civil Procedure directs the imposition of reasonable expenses incurred in opposing the motion, including attorney's fees, unless the motion was substantially justified or other circumstances make an award of expenses unjust.

The Court has determined that in this circumstance it is appropriate for each party to bear its own expenses in litigating the Motion to Compel.  Although the Motion is denied, the Court did not need to determine whether to grant it in part because the Defendants responded to Interrogatory No. 3 after the Motion was filed.  Pursuant to Rule 37(a)(5)(A), a disclosure made after the Motion to Compel is filed can be treated as being granted for purposes of payment of

---

[3] Interrogatory No. 3 requests that the Defendants "Identify each and every policy, rule or regulation regarding the retention of detainees and determining your jurisdiction or power under law to detain an individual and to avoid false imprisonment."

expenses.  As such, the Court views this as a situation more appropriately considered under Rule 37(a)(5)(C) allowing for the apportionment of expenses to both parties.[4]

  B.  Motion for Additional Time

Plaintiff also asks for additional time to amend the complaint from the receipt of the discovery responses.  The current deadline is July 12, 2013.  The previous deadline was June 3, 2013 (rec. doc. 10).  Rule 16(b)(4) of the Federal Rules of Civil Procedure requires a showing of good cause to extend a scheduling order deadline.  See also Hodges v. U.S., 597 F.2d 1014, 1018 (5th Cir. 1979) (trial court has "a broad discretion to preserve the integrity and purpose of the pretrial order").  This Motion is insufficient.  Plaintiff has not provided good cause to extend this deadline once again.  Plaintiff has received the requested responses to her discovery requests that fall within the scope permitted by the Court.  Plaintiff apparently chose not to conduct any additional discovery.  Plaintiff has not provided any information as to why the remaining two weeks is insufficient to determine whether a request for leave to amend is appropriate.

Finally, Plaintiff requests an additional three months to conduct discovery.  Plaintiff waited until the day before the permissible timeframe expired to make this request.  Plaintiff has not indicated what discovery needs to be completed, whether any discovery not referenced in the Motion to Compel (and within the scope of permitted discovery) has been accomplished thus far, and why the timeframe is insufficient.  Plaintiff has also not explained what efforts have been taken to accomplish any additional discovery, why such efforts have been unsuccessful, and why an extension of 3 months is needed.  Again, Plaintiff's Motion is insufficient.

---

[4] For these same reasons, the Court finds that an award of expenses would be unjust.

For the reasons set forth above, Plaintiff's Motion to Compel and for Additional Time to Amend (rec. doc. 16) is **DENIED**.

Signed in Baton Rouge, Louisiana, on June 25, 2013.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**