## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**ASHLEY STEWART**                                    CIVIL ACTION

**VERSUS**

**SHERIFF SID J. GAUTREAUX, III, ET**        NO.: 3:12-cv-00594-BAJ-RLB
**AL.**

### RULING AND ORDER

Before the Court is Plaintiff Ashley Stewart's ("Stewart") **MOTION FOR RECONSIDERATION BY DISTRICT COURT OF MAGISTRATE RULING ORDER (Doc. 24),** seeking review of the Magistrate Judge's previous Order (Doc. 22) denying her request to compel certain discovery responses, and to extend certain pleading and discovery deadlines.   Defendants Sheriff Sid J. Gautreaux and Captain Johnny Scott (collectively, "Defendants") oppose Stewart's request.   (*See* Doc. 27).   For the following reasons, Stewart's Motion for Reconsideration is DENIED.

### I.   BACKGROUND

Stewart sued Sheriff Gautreaux and Captain Scott in their individual and official capacities pursuant to 42 U.S.C. § 1983, alleging that she was wrongfully incarcerated for more than a month despite a state court judge's determination that she was being held under the wrong Bill of Information, and dismissal of charges against her. (Doc. 1). On May 21, 2012, this Court granted in part the Defendants' Motion to Dismiss (Doc. 2) pursuant to Fed. R. Civ. P. 12(b)(6), determining that

Stewart's complaint failed to allege sufficient facts to sustain her individual capacity claims against Gautreaux and Scott. (*See* Doc. 15 at pp. 7–15). However, this Court denied the Defendants' motion to the extent that it sought dismissal of her official capacity claims. (*Id.* at pp. 15–18). Additionally, this Court granted Stewart "leave to conduct **limited discovery** to determine whether the East Baton Rouge Parish has a policy or custom related to the timely release of prisoners, and/or whether there is a pattern of similar constitutional deprivations at the East Baton Rouge Parish Prison," and set a deadline of June 21, 2013 for the completion of such discovery. (*Id.* at p. 18 (emphasis in original). Further, this Court "**ORDERED** that the deadline to file a motion for leave to amend the complaint, or add new parties, claims, counterclaims, or cross-claims is extended to **July 12, 2013**." (*Id.* (emphasis in original)).

On June 20, 2013, the day before the extended period for discovery was set to expire, Stewart filed a motion styled **MOTION TO COMPEL AND FOR ADDITIONAL TIME TO AMEND (Doc. 16)**, seeking an order: (1) "compelling the Defendants to respond to . . . outstanding discovery [requests]"; (2) extending the discovery deadline by three months; and (3) extending indefinitely the deadline to amend her complaint. (Doc. 16 at p. 6). Upon referral, the Magistrate Judge denied Stewart's Motion. (Doc. 22). Specifically, the Magistrate Judge denied Stewart's request to compel additional discovery because Stewart's discovery requests went "well beyond the scope of the discovery permitted" by this Court's May 21 Order,

and because the Defendants provided a response to the single interrogatory that fell within the scope of this Court's Order. (*See* Doc. 22 at pp. 3–4). The Magistrate Judge then denied Stewart's requests for additional time to conduct discovery and to amend her complaint because Stewart failed to provide any explanation for why such extensions were required. (*See id.* at p. 5).

After the Magistrate Judge issued the Order denying Stewart's Motion to Compel and for Additional Time to Amend, Stewart filed the Motion for Reconsideration (Doc. 24) that is the subject of this Order. The Defendants have filed a memorandum in opposition to Stewart's Motion. (*See* Doc. 27).

## II.   DISCUSSION

Fed. R. Civ. P. 72 provides that when a magistrate judge renders a decision on "a pretrial matter not dispositive of a party's claim," the district court must, upon timely objection, "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). "Clear error exists when . . . the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Black v. SettlePou, P.C.*, 732 F.3d 492, 496 (5th Cir. 2013).

Here, the Court has no qualms determining that the Magistrate Judge properly denied Stewart's requests to compel additional discovery, and for more

time to conduct discovery and amend her complaint. This Court's May 21 Order expressly limited the scope of discovery on Stewart's remaining claims to "whether the East Baton Rouge Parish has a policy or custom related to the timely release of prisoners, and/or whether there is a pattern of similar constitutional deprivations at the East Baton Rouge Parish Prison." (*Id.* at p. 18). Significantly, Stewart did not challenge this Order. However, as explained by the Magistrate Judge, the interrogatories that Stewart sought to have answered were sweeping—requesting such information as the identity of "any other person is [sic] or may be at fault . . . for the wrongful detention/false imprisonment of MS. ASHLEY STEWART," and the identity of "each guard who played any role in the detention of MS. ASHLEY STEWART at any time," (Doc. 16 at pp. 3–4)—and, for the most part, lacked any obvious connection to the issue of whether an official policy or custom resulted in Stewart's unconstitutional detention. Nor did Stewart's Motion or accompanying memo provide any explanation for why such information was relevant to her official capacity claims. (*See generally* Doc. 16; Doc. 16-1). Further, the Defendants responded to the single interrogatory that the Magistrate Judge deemed relevant to Stewart's official capacity claims—specifically, Stewart's request to "[i]dentify each and every policy, rule or regulation regarding the retention of detainees and determining your jurisdiction or power under law to detain an individual and to avoid false imprisonment," (Doc. 16 at p. 3)—thereby obviating the need for an additional order compelling a response to such information.

In sum, this Court cannot say that "a mistake [was] committed" when the Magistrate Judge denied Stewart's request to compel discovery beyond the scope permitted by this Court's May 21 Order. *Black*, 732 F.3d at 496; *see* Fed. R. Civ. P. 26(b)(1) (limiting the scope of discovery to "any nonprivileged matter that is *relevant* to any party's claim" (emphasis added)). And because Stewart failed to provide any explanation for why she required an additional three months to complete discovery, or for why she required an indefinite extension to amend her complaint, this Court also cannot say that "a mistake [was] committed" when the Magistrate Judge denied her request for such extensions. *Black*, 732 F.3d at 496; *see* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

### III.    CONCLUSION

Accordingly,

Stewart's **MOTION FOR RECONSIDERATION BY DISTRICT COURT OF MAGISTRATE RULING ORDER (Doc. 24)** is **DENIED**.

Baton Rouge, Louisiana, this 4th day of December, 2013.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**