UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ASHLEY STEWART | * | CIVIL ACTION NO: 12cv000594 |
| | * | |
| v. | * | CHIEF JUDGE |
| | * | BRIAN JACKSON |
| CAPTAIN JOHNNY SCOTT and | | MAGISTRATE JUDGE |
| SHERIFF SID GAUTREAUX | * | RICHARD L. BOURGEOIS |
| * * * * * * * * * * * * * * * | | JURY TRIAL REQUESTED |

**OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

MAY IT PLEASE THE COURT:

On January 6, 2014, Defendants, Sid Gautreaux, Sheriff of Est Baton Rouge Parish and Captain Johnny Scott filed a *Motion for Summary Judgment* [38], which is nearly identical to the opposition brief filed by these same Defendants entitled *Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment* [35], to which the Plaintiff filed a reply brief entitled *Reply to Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment* [36], which the Plaintiff here adopts along with all evidentiary support. The Plaintiff further adopts *Plaintiff's Motion for Partial Summary Judgment* [31] and memorandum in support and all evidentiary support.

With regard to the exhibits offered by Defendants, see [38-4, at 16 of 17] the name Ashley Stewart appears on the TRANSFER LIST of persons being transferred. The name Ashton Stewart does not. Compare to [38-5, 3 of 3], which a criminal commitment dated 1/26/12 for an Ashton Stewart, who was not being held by Sheriff Gautreaux and not transported to court. The Transfer List is dated 12/7/11. The Defendants did not produce the TRANSFER LIST for the 1/26/12 court hearing. If the Defendants had been compelled to produce Ms. Stewart's entire file, the Court and Ms. Stewart could affirmatively prove that the name Ashton Stewart was not on a Transfer List for 1/26/12. Sheriff Sid Gautreaux should have had a policy in place or should have checked to make sure that he had a commitment for each

person that was returned from court on 1/26/12.  He did not do that. Pursuant to FRCP 56 (e), this Court may order the Defendants to produce Ms. Ashley Stewart's entire file.  This Court could allow admissions to be sent to Defendants to admit they did not have an Ashton Stewart in custody on 1/26/12.

Defendants have claimed over and over that they did not receive any Criminal Commitment paperwork whatsoever on Ashley Stewart until February 23, 2012, and that from January 27 through February 23, 2012, the Defendants never followed up on the lack of paper work even after multiple complaints from Ms. Stewart - Callous indifference.

According to Defense Ex 1, [38-3, at 2 of 2] affidavit of Susan Hogue, the Defendants did not receive a Commitment Order for Ashley or Ashton Stewart on January 26, 2012. According to Plts. Ex 1, 2, 2A, 3 and 4 and 7, Ms. Ashley Stewart made multiple request that the Sheriff look into the matter; yet, nothing was done - Callous indifference.

Another detainee was able to access the records *ergo* the Sheriff could have easily done so.  See Ex 2A, which is a public record.  It would have been a simple matter to call the 19th JDC and ask the Clerk to run Ashley Stewart's name. When nothing was found, the Defendants would have been on notice that Ms. Ashley Stewart had a factual basis for her pleas to be released.  The Defendants could have then gone back to the date of 1/26/12 and checked the Minute Entry's from Judge Daniels' Court. The Defendants could have checked the Transfer List on 1/26/12. The Defendants could have consulted with the guard who was in court with Ms. Ashley and who heard the charges being dismissed. There were many options that were available. An email or two may have cleared the entire matter. The Defendants took no

action and instead relied upon a lack of a legal basis to hold Ms. Stewart. Ms. Stewart's rights were violated due to a callous indifference.

Plaintiff further adds that Defendants have not filed an answer in this matter to properly raise any affirmative defenses. In <u>Dillon v. Rogers</u>, 596 F.3d 260, 266 (5th Cir. 2010) the Fifth Circuit wrote, *2, "We have routinely treated failure to exhaust administrative remedies in this context as an ordinary affirmative defense where the burden is on the prison officials to `establish beyond peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment.'"

AS an affirmative defense, as per Rule 12 (h) failure to exhaust must be raised in an answer or other responsive pleading or it is waived.

With regard to FRCP 56 (d) and (e), the Plaintiff has already shown that she was allowed only 30 days of limited discovery. In compliance with the orders of this Court, the Plaintiff amended the Complaint following the ruling on qualified immunity and has not been allowed any discovery since that time. Sufficient discovery has not been allowed in this case for the Plaintiff to properly prepare for trial or to make more specific factual averments. If this Court finds that there is a fact - i.e - did Sid Gautreaux haver personal involvement in this matter, this Court may allow additional discovery.

Additionally, the Defendants have taken issue with the facts asserted in the Grievance solely on the basis that they are not in declaration form. Submitted here to supplement the summary judgments pending in this Court on this case is the declaration of Ashley Stewart regarding the statements made in her grievance. Ex 7.

## CONCLUSION

This Court should deny the motion for summary judgment filed by the

3

Defendants and grant the motion for partial summary judgment filed by Ms. Stewart.

Respectfully submitted:

s/Donna Grodner
Donna U. Grodner (20840)
Blake S. Leger (32251)
GRODNER & ASSOCIATES
2223 Quail Run, B-1
Baton Rouge, Louisiana 70808
(225) 769-1919 FAX 769-1997

## CERTIFICATE

I hereby certify that on March 23, 2012 a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel named below by operation of the court's electronic filing system. I also certify that I have mailed by United States Postal Service this filing to the parties marked non-CM/ECF participants:

s/Donna Grodner
Donna U. Grodner (20840)
GRODNER & ASSOCIATES
2223 Quail Run, B-1
Baton Rouge, Louisiana 70808
(225) 769-1919 FAX 769-1997
Email:dgrodner@grodnerlaw.com
