UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ASHLEY STEWART                                                    CIVIL ACTION

VERSUS

SHERIFF SID J. GAUTREAUX, III, ET AL.                NO.: 12-00594-BAJ-RLB

RULING AND ORDER

Before the Court is a **Motion for Reconsideration of Ruling and Order [30] (Doc. 32)**, filed by Plaintiff Ashley Stewart ("Stewart"), seeking an order from this Court reversing its previous ruling and order (Doc. 30) denying Stewart's motion for reconsideration (Doc. 24). Defendants Sheriff Sid J. Gautreaux, III and Captain Johnny Scott (collectively "Defendants") oppose the motion. Oral argument is not necessary. Jurisdiction is proper pursuant to 28 U.S.C. § 1331.

I.  **Background**

On or about August 8, 2012, Stewart filed the instant lawsuit in the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana. (Doc. 1-1.) Stewart alleges Defendants violated 42 U.S.C. § 1983 ("Section 1983") when they imprisoned her for more than one month, despite a state court judge's determination that she was being held under the wrong Bill of Information. (Doc. 1-1.)

On September 24, 2012, Defendants removed this matter to the United States District Court for the Middle District of Louisiana. (Doc. 1.) On February 14, 2013, the Clerk of Court set a Scheduling Conference for March 20, 2013.[1] (Doc. 5.)

On February 28, 2013, Stewart propounded discovery requests upon Defendants. (Doc. 16-2, p. 2.) Pursuant to Rules 33 and 34, Defendants' responses to Stewart's discovery requests were due on March 31, 2013. Fed.R.Civ.P. 33(b)(2), 34(b)(2)(A), and 6(a)(1)(C). However, Defendants' response deadline was interrupted on March 27, 2013 when the Magistrate Judge held the Scheduling Conference and issued a Scheduling Order staying all discovery. (Doc. 10.) Specifically, the Scheduling Order set the following deadlines:

1. The deadline for amending the complaint or adding new parties, claims, counterclaims, or cross-claims is **June 3, 2013**.

2. Discovery must be completed as follows:

   a. Exchanging initial disclosures required by F.R.C.P. 26(a)(1): **April 15, 2013**.

   b. All pending discovery requests before the parties are stayed until April 15, 2013, at which time, full discovery procedure resumes.

   c. **Filing** all discovery motions and **completing** all discovery except experts **August 30, 2013**.

(Doc. 10, p. 2) (emphasis in original).

---

[1] Subsequently, the Scheduling Conference was reset before the newly assigned United States Magistrate Judge. (Docs. 7, 9.)

On April 16, 2013, discovery resumed. However, on April 18, 2013, Defendants filed a Motion to Stay Discovery, seeking an order from the Court staying all discovery pending the Court's ruling on Defendants' Motion to Dismiss. (Docs. 2, 13.)

Defendants' request was rendered moot on May 21, 2013, when the Court issued a ruling and order granting in part and denying in part Defendants' Motion to Dismiss.[2] (Doc. 15.) The Court's ruling and order dismissed Stewart's individual capacity claims, pursuant to Rule 12(b)(6), but granted her "leave to conduct limited discovery" regarding her official capacity claims.[3] (Doc. 15.) The Court ordered Stewart to complete the "limited discovery" by June 21, 2013, extended her deadline to file a motion for leave to amend her complaint to July 12, 2013, and ordered that "[a]ll other deadlines shall remain in effect." (Doc. 15.)

Nothing in the record suggests that Stewart propounded additional discovery upon Defendants following the Court's May 21, 2013 ruling and order. Rather, on June 20, 2013, Stewart filed a Motion to Compel and for Additional Time to Amend.[4] (Doc. 16.) Specifically, Stewart sought an order from this Court: (1) requiring Defendants to respond to seven of her previously propounded interrogatories and seven of her previously propounded requests for production, which according to Stewart, sought "the very information" the Court granted her leave to discover; (2) granting her additional time from the receipt of the discovery responses to amend the Complaint; and (3) granting her "three

---

[2] Indeed, on June 25, 2013, the Magistrate Judge issued an order denying Defendants motion as moot. (Doc. 20.)

[3] Contrary to Stewart's assertions, nothing in the Court's order limited such discovery to written discovery only.

[4] Defendants' opposed Stewart's Motion to Compel and for Additional Time to Amend. (Doc. 18.)

months of discovery." (Doc. 16, p. 6.) In her memorandum in support, Stewart specifically stated:

> [t]his Court should enter an order compelling the Defendants to respond to the outstanding discovery[,] and [ ] additional time of three months should be granted from the receipt of the discovery responses to amend the Complaint with additional facts and possible [*sic*] to add the individual(s) found to be personally responsible for the false imprisonment. Three months of discovery is necessary prior to amending.

(Doc. 16-1, p. 6.)[5]

On June 26, 2013, the Magistrate Judge issued an Order denying Stewart's Motion to Compel and for Additional Time to Amend. (Doc. 22.) Specifically, the Magistrate Judge found that only one of Stewart's discovery requests fell within the scope of the "limited discovery" permitted by the Court, and that Defendants previously responded to such request.[6] Thus, the Magistrate Judge denied Stewart's motion to compel. The Court further denied Stewart's request for additional time to amend her Complaint following her receipt of Defendants' discovery responses, due to her failure to provide good cause. Finally, the Magistrate Judge denied Stewart's request for an additional three months of discovery, due to her failure to explain why such an extension was needed.

---

[5] The Court notes that Stewart attached a "Rule 37.1 Certificate" to her Motion to Compel and for Additional Time to Amend. However, the certificate did not state that Stewart conferred or attempted to confer with Defendants in an effort to obtain their discovery responses before seeking Court action, as required by Rule 37. Fed.R.Civ.P. 37(a)(1). Indeed, nothing in the record indicates that Stewart conferred or attempted to confer with Defendants following the Court's May 21, 2013 ruling and order.

[6] Following Stewart's motion, but prior to the Magistrate Judge's ruling on the motion, Defendants responded to one of Stewart's previously propounded interrogatories. (Doc. 19.) The Court notes, however, that Defendants' issued their response and filed it into the record on June 25, 2013, *sixty-seven days after* their deadline to respond to Stewart's discovery requests.

On July 2, 2013, Stewart filed a Motion for Leave to Amend Complaint. (Doc. 23.) On the same day, Stewart filed a Motion for Reconsideration of the Magistrate Judge's order, in which she argued that she "has not been allowed any meaningful discovery in this matter."[7] (Doc. 24, p. 3.) According to Stewart, for nine (9) months[,] from August 2012 through May of 2013, [she] had no opportunity to take any discovery and then [she] was allowed only thirty (30) days. The deadline to amend to add parties was set, but it now appears no discovery is going to be allowed to permit the adding of new parties." (Doc. 24-1, p. 7.)

On December 5, 2013, the Court issued a Ruling and Order denying Stewart's Motion for Reconsideration, finding that the Magistrate Judge's order was not clearly erroneous nor contrary to law. (Doc. 30.) The undersigned noted that Stewart did not challenge the undersigned's May 21, 2013 ruling and order, nor did she adequately explain why she needed additional time to conduct discovery and amend her official capacity claims. (Doc. 30.)

As to the instant motion, Stewart requests that the Court reverse its previous ruling and order denying Stewart's motion for reconsideration. In support of her motion, Stewart repeats the arguments made in her previous motion. Stewart also argues that she has not been allowed any meaningful discovery in this matter, and thus, should be granted additional time to conduct discovery and amend her pleadings.

Defendants oppose the motion and argue that Stewart's motion should be denied due to her continued failure to explain why she needs additional time to conduct the

---

[7] Defendants opposed the motion. (Doc. 27.)

"limited discovery" permitted by the Court or why she needs additional time to amend her Complaint. Defendants further argue that Stewart is not entitled to discovery related to her individual capacity claims, which were dismissed by the Court.

## II.  Standard of Review

When, as here, a party's motion to reconsider concerns an order that did not dispose of all the claims or parties, the motion is governed by Federal Rule of Civil Procedure ("Rule") 54(b).[8] Rule 54(b) permits the Court to revise an interlocutory order "at any time before entry of judgment adjudicating all of the claims and all the parties' rights and liabilities." Fed.R.Civ.P. 54(b); *Livingston Downs v. Jefferson Downs*, 259 F.Supp.2d 471, 474-75 (M.D. La. 2002) (citing *Zapata Gulf Marine, Corp. v. Puerto Rico Maritime Shipping Authority*, 925 F.2d 812, 815 (5th Cir. 1991)). District courts have considerable discretion in deciding whether to reconsider an interlocutory order. *Id.* at 475. However, motions for reconsideration based upon the same arguments previously submitted merely waste the limited time and resources of the Court. *Van Heerden v. Bd. of Sup'rs of La. State Univ. and Agricultural and Mechanical College*, No. 10-155-JJB, 2010 U.S. Dist. LEXIS 61062, at *4, 2010 WL 2545746, at *1 (M.D. La. June 21, 2010). Further, courts generally decline to consider arguments raised for the first time on reconsideration without adequate justification. *McClung v. Gautreaux*, No. 11-263, 2011 U.S. Dist. LEXIS 103114, at *3, 2011 WL 4062387, at *1 (M.D. La. Sept. 13, 2011).

---

[8] Plaintiff erroneously states that she seeks reconsideration pursuant to Rules 59 and 60. However, Rules 59 and 60 apply only to final judgments. *Gulf Fleet Tiger Acquisition, L.L.C. v. Thoma-Sea Ship Builders, L.L.C.*, 282 F.R.D. 146, 151-52 (E.D. La. 2012) (citations omitted). When, as here, a party seeks to revise an order that adjudicates fewer than all the claims among all of the parties, Rule 54(b) controls. *Id.* at 152 (citation omitted).

## III. Analysis

While it is not entirely clear from Stewart's submissions to the Court, it appears that the instant motion is actually a request for: (1) additional time to engage in "general discovery"; and (2) leave to file amended pleadings once discovery is completed. While Stewart was granted a short period of time to conduct "limited discovery" related to her official capacity claims, neither party was permitted adequate time to engage in "general discovery." Indeed, a review of the record reveals that, as a result of the delayed scheduling conference, discovery stay, and "limited discovery" ruling and order, the parties were not permitted adequate time to engage in the traditional discovery process. While the Court finds that the Magistrate Judge's order was not clearly erroneous nor contrary to law, the Court shall grant both parties additional time to engage in the traditional discovery process, *but only as it relates to those claims that were not previously dismissed by this Court*.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiff Ashley Stewart's **Motion for Reconsideration of Ruling and Order [30] (Doc. 32)** is **GRANTED IN PART** and **DENIED IN PART**.

- Stewart's request that the Court require Defendants to respond to seven of her previously propounded interrogatories and seven of her previously propounded requests for production is **DENIED**.

- Stewart's request that the Court grant her additional time to engage in the traditional discovery process is **GRANTED**.

- Stewart's request that the Court grant her leave to amend her complaint is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **REFERRED** to the Magistrate Judge to conduct a **STATUS CONFERENCE** and re-set the parties' deadlines, pretrial conference date, and trial dates.

**IT IS FURTHER ORDERED** that the following motions are **DENIED WITHOUT PREJUDICE** to each party's right to re-file the motions once discovery is completed:

(1) Plaintiff's FRCP 56(a) Motion for Partial Summary Judgment on the Issue of Liability (Doc. 31)

(2) Defendants' Motion for Summary Judgment (Doc. 38)

**IT IS FURTHER ORDERED** that the following motions are **DENIED AS MOOT**:

(1) Motion for Leave of Court File Reply Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment (Doc. 39)

(2) Motion for Leave to File Reply Memorandum in Support of Motion for Summary Judgment (Doc. 41)

Baton Rouge, Louisiana, this 12th day of March, 2014.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**